IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEGHANN R. MILLER,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) No. 25-2180-KHV |
| | ) |
| **RANDY R. MCCALLA,** in his individual and | ) |
| official capacity as guardian ad litem, | ) |
| **JULIA C. BATTLE,** in her individual capacity, | ) |
| **J. STEPHEN HAZEL, PhD,** in his individual | ) |
| capacity and **JOHNSON COUNTY, KANSAS,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

In a child custody dispute between plaintiff and her ex-husband, the District Court of Johnson County, Kansas ordered that plaintiff not have contact with her five children. On April 7, 2025, plaintiff filed suit pro se against the guardian ad litem, the court-appointed therapist, a psychologist who evaluated plaintiff and Johnson County.[1] This matter is before the Court on plaintiff's Ex Parte Emergency Motion For Temporary Restraining Order (Doc. #5) filed April 7, 2025, plaintiff's Motion For Sanctions Under Fed. R. Civ. P. 11(c)(2) (Doc. #17) filed May 8, 2025 and Plaintiff's Motion To Expedite Review Of Emergency Motion For Temporary Restraining Order And For Leave To Supplement With Updated Facts (Doc. #20) filed May 23, 2025. For reasons stated below, the Court sustains plaintiff's motion for expedited review and to supplement the record but otherwise overrules plaintiff's motions.

---

[1] The Court affords a pro se plaintiff some leniency and liberally construes her filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Initially, the Court addresses <u>Plaintiff's Motion To Expedite Review Of Emergency Motion For Temporary Restraining Order And For Leave To Supplement With Updated Facts</u> (Doc. #20). Plaintiff seeks expedited review of her motion for a temporary restraining order. The Court sustains plaintiff's request and has ruled below on her motion. Plaintiff also seeks leave to supplement the record with updated facts. The Court sustains plaintiff's request and has included the alleged updated facts as part of the factual background below.

**Factual Background**

Highly summarized, plaintiff's <u>First Amended Verified Complaint</u> (Doc. #13) filed April 16, 2025, as supplemented by plaintiff's updated facts set forth in her motion for leave to supplement, alleges as follows:

On January 29, 2024, based on allegations of abuse, the Honorable Keven O'Grady of the District Court of Johnson County, Kansas, ordered that plaintiff not have contact with her five children. In June of 2024, the Kansas Department of Children and Families ("DCF") learned that the allegations against plaintiff were unsubstantiated, but it did not give plaintiff notice of its finding. On January 22, 2025, after repeated efforts by plaintiff to correct the record in her custody case, DCF sent plaintiff a letter which acknowledged that in June of 2024, it had closed the investigation because the allegations were unsubstantiated. In the letter, DCF also advised plaintiff that the lack of a formal finding in June of 2024 did not impact her visitation rights.

On April 1, 2025, some three weeks before a scheduled trial of the custody dispute, Judge O'Grady canceled trial because plaintiff had not paid outstanding guardian ad litem fees.

On April 7, 2025, plaintiff filed suit pro se against the guardian ad litem, the court-appointed therapist, a psychologist who evaluated plaintiff and Johnson County.

On April 24, 2025, Randy McCalla, the guardian ad litem, acknowledged that because

plaintiff named him in this lawsuit, he had a conflict of interest.  Even so, he has not filed a formal withdrawal in the state custody case.  Plaintiff asserts that McCalla has a pattern of adverse treatment toward mothers.

On May 15, 2025, at a hearing on plaintiff's motion to disqualify Judge O'Grady in the state custody case, Julia Battle and therapist Dan Livingston submitted new reports without prior notice to plaintiff.  Battle's report falsely claimed that plaintiff's children rejected her.

Since January 29, 2024, except for limited weekly reunification sessions with her three youngest children, plaintiff has been separated from her children (ages 17, 14, 12, 11 and 11).

In a 15-count amended complaint, plaintiff alleges violation of her civil rights under 42 U.S.C. §§ 1983, 1985 and 1986, violation of her rights under the Americans With Disabilities, 42 U.S.C. § 12101 et seq. and various state law claims.  The gravamen of plaintiff's complaint is that the guardian ad litem and others in the custody dispute misled Judge O'Grady.  Although plaintiff has not named Judge O'Grady as a defendant, she alleges that his conduct reflects "serious procedural unfairness, justifying federal review to ensure due process and [to] set aside state court orders tainted by misconduct."  First Amended Verified Complaint (Doc. #13) at 19.

## Analysis

I.     **Motion For Ex Parte Temporary Restraining Order**

Plaintiff seeks an ex parte temporary restraining order which (1) enjoins defendants from conducting unauthorized therapy or evaluations, (2) requires immediate release to plaintiff of all guardian ad litem and therapy records, (3) immediately restores plaintiff's parenting time with her children and (4) prohibits use of the report of abuse and DCF substantiation finding in any proceeding.  An ex parte temporary restraining order is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence

regarding the controversy. Uhlig, LLC v. PropLogix, LLC, No. 22-2475-KHV, 2023 WL 8452426, at *1 (D. Kan. Dec. 6, 2023). Plaintiff has not shown exceptional circumstances which would permit the Court to hear her request without notice to the opposing parties. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438–39 (1974) (ex parte temporary restraining orders run counter to principles that all parties receive reasonable notice and opportunity to be heard; restricted to serving underlying purposes of preserving status quo and preventing irreparable harm only so long as necessary to hold hearing and no longer). Specifically, she has not explained how notice to opposing parties would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quotations and citation omitted) (very few circumstances justify issuance of ex parte TRO). The Court therefore overrules plaintiff's request for an ex parte temporary restraining order. Also, because plaintiff has not shown any need to keep her ex parte motion under seal, the Court directs the Clerk to unseal it.

**II.    Request For Sanctions**

Under Rule 11 of the Federal Rules of Civil Procedure, plaintiff seeks sanctions against defendants for their filings and conduct in the state court. Because Rule 11 applies only to representations in federal court, the Court overrules plaintiff's request for sanctions. See Griffen v. City of Okla. City, 3 F.3d 336, 340 (10th Cir. 1993) (federal court may not impose Rule 11 sanctions against signer of paper filed in state court); Burda v. M. Ecker Co., 954 F.2d 434, 440 (7th Cir. 1992) (court cannot sanction individual under Rule 11 if she did not sign any pleadings filed in federal court); Brown v. Capitol Air, Inc., 797 F.2d 106, 108 (2d Cir. 1986) (Rule 11 does not purport to authorize sanctions for actions taken in state courts).

**IT IS THEREFORE ORDERED** that plaintiff's Ex Parte Emergency Motion For

Temporary Restraining Order (Doc. #5) filed April 7, 2025 is **OVERRULED**. **The Clerk is directed to unseal plaintiff's Ex Parte Emergency Motion For Temporary Restraining Order (Doc. #5) filed April 7, 2025.**

**IT IS FURTHER ORDERED** that plaintiff's Motion For Sanctions Under Fed. R. Civ. P. 11(c)(2) (Doc. #17) filed May 8, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Expedite Review Of Emergency Motion For Temporary Restraining Order And For Leave To Supplement With Updated Facts (Doc. #20) filed May 23, 2025 is **SUSTAINED**.

Dated this 20th day of June, 2025 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge