IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEGHANN R. MILLER,** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 25-2180-KHV |
| ) | |
| **RANDY R. MCCALLA,** in his individual and ) | |
| official capacity as guardian ad litem, ) | |
| **JULIA C. BATTLE,** in her individual capacity, ) | |
| **J. STEPHEN HAZEL, PhD,** in his individual ) | |
| capacity and **JOHNSON COUNTY, KANSAS,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On November 24, 2025, Magistrate Judge Teresa J. James recommended that the Court dismiss plaintiff's complaint without prejudice for failure to state a claim on which relief could be granted and because Randy McCalla has quasi-judicial immunity. See Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26).

Plaintiff had until December 11, 2025 to file objections to the proposed findings and recommendation. See Fed. R. Civ. P. 72(b)(2) (party must file objection within 14 days after service of report and recommendation); Fed. R. Civ. P. 6(d) (deadline extended three days for service by mail). No party has objected. For this reason and substantially the reasons stated in the Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26), the Court adopts the magistrate judge's report and recommendation in its entirety.[1]

---

[1] Judge James noted that Count XII of plaintiff's First Amended Verified Complaint (Doc. #13) is not a claim, but rather titled "Younger Abstention Does Not Apply and Judicial Misconduct." Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26) at 3 n.2. Judge James therefore did not analyze Count XII as a separate claim. See id. To the extent
(continued. . .)

**IT IS THEREFORE ORDERED** that the Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26) filed November 24, 2025 is **ADOPTED**.

**IT IS FURTHER ORDERED** that under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 54 (1971), the Court dismisses plaintiff's claims for equitable relief for lack of jurisdiction.

**IT IS FURTHER ORDERED** that under 28 U.S.C. § 1915(e)(2)(B)(iii) and because Randy R. McCalla is entitled to quasi-judicial immunity, the Court dismisses plaintiff's claims for monetary damages against him in Counts I, II, III, IV, VI, VII, X and XI.

**IT IS FURTHER ORDERED** that under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses Counts I, II, III, IV, VI, VII, X, XI, XII, XIII, XIV, XV against all defendants for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's claims in Counts V, VIII and IX and dismisses these claims without prejudice.

Dated this 5th day of January, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](. . .continued)
that Count XII could be construed as a separate claim for relief, under 28 U.S.C. § 1915(e)(2)(B)(ii) and for substantially the reasons stated elsewhere in the Report And Recommendation For Dismissal Of Plaintiff's Complaint (Doc. #26), the Court dismisses Count XII for failure to state a claim on which relief can be granted.